UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                           Plaintiff,

v.

JOSHUA PAUL BARRON,

                           Defendant.

Crim. No. 16-142 (JRT/KMM)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ENFORCE JUDGMENT**

---

Benjamin Bejar, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Joshua Paul Barron, Register Number 20641-041, Federal Correctional Institution, P.O. Box 5000, Greenville, IL 62246, *pro se* Defendant.

Defendant Joshua Paul Barron is currently serving a 180-month sentence at Greenville Federal Correction Institution. (Sentencing J. at 1–2, Feb. 22, 2017, Docket No. 52.); *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 3, 2024). At sentencing, the Court ordered his federal sentence to run concurrently with any state sentences. (Statement of Reasons at 4, Feb. 22, 2017, Docket No. 53.) Barron now challenges the execution of the Court's sentencing order, claiming that the Bureau of Prisons failed to give him credit for 133 days of time served. (Mot. to Enforce J., Feb. 20, 2024, Docket No. 59; Letter to District Judge at 1, Feb. 3, 2022, Docket No. 57.) Because the Court lacks jurisdiction to consider Barron's request, and even if it

had jurisdiction could not provide the relief requested, the Court will deny Barron's motion to enforce judgment.

Barron seeks redress from the Court through Federal Rule of Civil Procedure 70. Rule 70 specifically addresses what action the court can take when a party does not comply with a specific action mandated by judgment. Fed. R. Civ. P. 70. However, the rule focuses on property related judgments and the substitution of parties to ensure compliance. *Id.* The Court cannot find any circumstances in which Rule 70 was used to challenge the execution of a prison sentence.

The method for challenging the execution of a sentence is through a 28 U.S.C. § 2241 petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). However, a petition for writ of habeas corpus must be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). As Barron is currently incarcerated in Illinois, the Court in Minnesota, although the sentencing Court, lacks jurisdiction over any habeas petition.

Notwithstanding the jurisdictional bar, as the Southern District of Illinois already explained, the Court is without power to grant the relief sought because Barron has been awarded all the time-served allowed. *Barron v. Lillard*, No. 22-2529, 2024 WL 379987, at *2–4 (S.D. Ill. Feb. 1, 2024). The Court agrees with the analysis completed by the Southern District of Illinois.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Judgment [Docket No. 59] is **DENIED**.

DATED: May 14, 2024
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM
                                      United States District Judge